FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 18 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

v.  No. CIV-04-98 JC/DJS
CR-95-249 JC

SAMUEL HERMAN SAM,

Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's motion to dismiss[1] (CV Doc. #1; CR Doc. #69) filed January 29, 2004. The motion invokes the All-Writs statute, 28 U.S.C. § 1651, and seeks dismissal of Defendant's indictment on grounds of numerous constitutional violations during his criminal proceeding. Defendant has previously sought relief from his conviction by way of applications for writ of habeas corpus and coram nobis. Judgment on his conviction was entered in 1996 and no appeals were taken.

The initial question is whether this Court has authority under § 1651 to consider the relief requested. The power granted to this court by the writs statute is limited. "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions." § 1651(a). As noted by the Court of Appeals for the Tenth Circuit, "No new grant of judicial power is contemplated by the statute; § 1651(a) is rather only an incident of jurisdiction." *Commercial Sec. Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352, 1355 (10th Cir. 1972) (footnotes omitted). The request to dismiss an indictment does not appear to raise an issue

---

[1] The Clerk's automated case-opening system categorizes all motions challenging federal convictions or sentences as if they were filed under 28 U.S.C. § 2255.



incident to this Court's jurisdiction.

Furthermore, the provisions of § 2255 are the exclusive remedy for an attack on a federal criminal conviction, *Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus"),[2] and Defendant's pro se characterization of his claims is not dispositive, *Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992). "The remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual is procedurally barred from filing a habeas petition." *United States v. Cordova*, No. 99-1306, 1999 WL 1136759, at **2 (10th Cir. Dec 13, 1999). Likewise, "a motion to dismiss an indictment . . . must be filed before final judgment; after that time a pleading challenging the adequacy of an indictment is properly deemed a [28 U.S.C.] § 2255 motion." *United States v. Preciado-Quinonez*, No. 00-6202, 2002 WL 31745044, at *1 (10th Cir. Dec. 9, 2002). Because the writs statute contains "[n]o new grant of judicial power," *Commercial Sec. Bank*, 456 F.2d at 1355, to afford post-conviction relief, and because the relief sought by Defendant must be pursued under § 2255, his motion must be construed under § 2255.

Because Defendant invokes a statute other than § 2255 in attacking his conviction, the Court must consider recharacterizing the motion under § 2255. Typically, " 'district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that,

---

[2] A writ of habeas corpus may be sought if § 2255 is "inadequate or ineffective." *Williams*, 323 F.2d at 673 (10th Cir. 1963).

notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.'" *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998). *quoted in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)). Here, the one-year statute of limitations in § 2255 has long passed, and Defendant has previously filed a motion construed under § 2255. In this situation, notification of proposed recharacterization is not required. *See United States v. Martin*, --- F.3d ---, ---, No. 03-7075, 2004 WL 233322, at *2 (10th Cir. Feb 9, 2004) ("failure to notify . . . was harmless"); *United States v. Apodaca*, No. 03-8017, 2004 WL 179493, at *1, n.5 (10th Cir. Jan. 30, 2004) ("concern . . . not triggered") (citing *United States v. Torres*, 282 F.3d 1241, 1245-46 (10th Cir. 2002)). Defendant's motion will be recharacterized and construed as a motion under 28 U.S.C. § 2255.

As noted above, Defendant did not appeal from his conviction, and judgment was entered in 1996. Defendant's claims are thus barred procedurally, *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)), and are untimely, *United States v. Burch*, 202 F.3d 1274, 1276 (10th Cir. 2000). Defendant is not entitled to relief, Rule 4(b) Governing Section 2255 Proceedings, and the motion will be dismissed with prejudice.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss (CV Doc. #1; CR Doc. #69) filed January 29, 2004, construed herein as a motion under 28 U.S.C. § 2255, is DISMISSED with prejudice; and pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered in accordance with this order.

UNITED STATES DISTRICT JUDGE

3